UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

KATIE PAPADIMITRIU,

    Plaintiff,

v.                                          Case No. 25-cv-01313-JPG

UTILITYAPI, INC.,

    Defendant.

## MEMORANDUM AND ORDER

This case is before the Court after it ordered the plaintiff Katie Papadimitriu to show cause on or before August 1, 2025, why this case should not be transferred to the United States District Court for the Northern District of Illinois pursuant to 28 U.S.C. § 1404(a) (Doc. 3). The order was based on the Court's observations that the plaintiff resides within the Northern District of Illinois, and that there is no indication this case has any connection to the Southern District of Illinois other than that the defendant does business with a company that operates in this district. Plaintiff responded to the order to show cause (Doc. 8), and the defendant filed a reply (Doc. 12).

Under § 1404(a), a district court may transfer a civil action to any other district where the action might have been brought originally "[f]or the convenience of the parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). The decision to transfer a case is left to the discretion of the district court. *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988); *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)*; Cote v. Wadel*, 796 F.2d 981, 985 (7th Cir. 1986); *see Norwood v. Kirkpatrick*, 349 U.S. 29, 32 (1955). In deciding whether to transfer a case under § 1404(a), the Court should consider a number of case-specific factors such as, for example, the convenience of the potential transferee forum to the parties and witnesses, the parties' relative bargaining power, and the interests of justice in general. *Stewart*, 487 U.S. at 29–30; *see Atl.*

*Marine Constr. Co. v. U.S. Dist. Court for W. Dist. of Tex.*, 571 U.S. 49, 62–63 (2013); *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219 (7th Cir. 1986) (citing *Van Dusen*, 376 U.S. at 622). "Factors traditionally considered in an 'interest of justice' analysis relate to the efficient administration of the court system." *Coffey*, 796 F.2d at 221. These usually include but are not limited to the relative congestion of the dockets and the likely speed of going to trial in the respective districts, each court's familiarity with the relevant law, the respective desirability of resolving the dispute in each forum, and the relationship of the community to the controversy. *In re Ryze Claims Sols., LLC*, 968 F.3d 701, 708 (7th Cir. 2020). Ordinarily, the Court should give substantial weight in favor of the forum in which the plaintiff chose to file the complaint. *In re Nat'l Presto Indus., Inc.*, 347 F.3d 662, 663–64 (7th Cir. 2003). Unless the balance of factors weighs strongly in favor of transfer, "the plaintiff's choice of forum should rarely be disturbed." *Id.*

      The parties do not dispute that this case could have been brought in the Northern District of Illinois, so the Court's analysis is focused on the case-specific factors. The convenience of the parties and witnesses weigh in favor of transferring this case to the Northern District of Illinois. The plaintiff resides in Cook County, Illinois, which is located within the Northern District of Illinois. Plaintiff's allegations relate to her employment with the defendant, and she worked for the defendant virtually from her home in the Northern District of Illinois. The defendant is a Delaware corporation with its principal place of business in California. It has no physical locations within Illinois. The only alleged contact the defendant has with the Southern District of Illinois is that one of its vendors, Ameren Illinois, is headquartered in and does business in the district. Although the defendant does business in the Southern District of Illinois and

hypothetically could be haled into court here, this case is not related to the defendant's contacts with this district. Ameren Illinois is not suing the defendant in this district—the plaintiff is. And the plaintiff's claims have no connection to the defendant's business in the Southern District of Illinois. In contrast, this case has substantial connections to the parties' contacts with the Northern District of Illinois. Therefore, it serves the convenience of the parties and the witnesses to transfer this case to that district.

In addition, it serves the interests of justice to transfer this case to the Northern District of Illinois. As explained above, the Southern District of Illinois has no relation to this controversy. Therefore, it has little interest in the resolution of this dispute. In contrast, the Northern District of Illinois has substantial ties to this litigation. The plaintiff resides in the district, and the alleged discrimination occurred while plaintiff was working from her home in the district. Since this case has a substantial relation to the Northern District of Illinois, the interests of justice weigh in favor of transferring this case to that district.

The relevant factors, including the convenience of the parties and witnesses and the interests of justice, weigh strongly in favor of transfer. Therefore, the Court TRANSFERS this case pursuant to 28 U.S.C. § 1404(a) to the United States District Court for the Northern District of Illinois.

**IT IS SO ORDERED.**
**DATED**: September 9, 2025

                                                 s/ J. Phil Gilbert
                                                 **J. PHIL GILBERT**
                                                 **United States District Judge**